IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-192-BO

| | |
|---|---|
| SOLOMON WARDELL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 27, 2015, at Raleigh, North Carolina.[1] For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on March 10, 2011, alleging disability since October 13, 2007. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Plaintiff's counsel appeared via telephone and counsel for the Acting Commissioner appeared via video.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's lumbar degenerative disc disease, right shoulder degenerative joint disease, borderline IQ, and depressive disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ then concluded that plaintiff could perform light work with exertional and nonexertional limitations. The ALJ found that plaintiff could not return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled from October 12, 2007, through the date of his decision, December 20, 2012.

Plaintiff contends that this case should be remanded for proper consideration of whether he meets Listing 12.05C and that the ALJ erred in failing to acknowledge or discuss third-party statements submitted in support of plaintiff's claim.

The burden is on the plaintiff at step three of the sequential evaluation. The ALJ expressly considered Listings 12.02 and 12.04, both of which relate to metal disorders. The ALJ did not expressly consider whether plaintiff met the criteria for Listing 12.05C. This was not error, however, as the record does not support that plaintiff satisfies the initial criteria of Listing 12.05.

> Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

20 C.F.R. § Pt. 404, Subpt. P, App. 1. The record in this matter does not support that plaintiff satisfies the diagnostic description contained in the introductory paragraph. Listing 12.05, which formerly referred to mental retardation but now refers to intellectual disability, "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Further required to meet Listing 12.05C is a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

Plaintiff contends that his valid *verbal* IQ score of 68 is sufficient to demonstrate that he meets the intellectual disability or mental retardation diagnostic criteria. Plaintiff's contention is without merit. The consulting examining psychologist in this matter who administered

4

plaintiff's IQ test assessed plaintiff as having borderline intellectual functioning and diagnosed plaintiff only with major depressive disorder. Tr. 492. Mention was made in the report of plaintiff's special education classes in school, but there was no diagnosis or discussion of plaintiff having intellectual disabilities or mental retardation. *Id.* Plaintiff's full-scale IQ was 72, which is within the borderline range. Tr. 492.

"A rebuttable presumption that an IQ score between 60 and 70 alone establishes mental retardation under § 12.05 ignores the language of that regulation and collapses the two-part inquiry into a single step." *Norris v. Astrue*, No. 7:07-CV-184-FL, 2008 WL 4911794, at *3 (E.D.N.C. Nov. 14, 2008). The Court finds that it was not error in this case for the ALJ not to expressly consider Listing 12.05 in light of plaintiff's diagnosis of borderline intellectual functioning and an absence of evidence which would support that plaintiff had significantly subaverage general intellectual function prior to age 22.

The ALJ's failure to discuss the third-party statements submitted in connection with plaintiff's claim was not harmful error. First, the ALJ expressly relied on the opinion of Dr. Krishnamurthy, who considered the entire record and specifically mentioned plaintiff's activities of daily living as reported by third parties. Tr. 16;147. Second, as discussed above, because the record does not support a diagnosis of mental retardation or evidence of significantly subaverage general intellectual functioning, the third-party statements related to plaintiff's adaptive functioning would not serve to bolster plaintiff's claim that he meets Listing 12.05C.

Therefore, because substantial evidence supports his decision and the correct legal standard was employed, the decision of the ALJ is affirmed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is DENIED and defendant's motion for judgment on the pleadings [DE 26] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __5__ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE